# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CASEY B. PEEBLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:03cv0491 DJS |
| ) | TCM |
| LARRY ROWLEY, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The 28 U.S.C. § 2254 petition of Casey B. Peebles ("Petitioner"), a Missouri prisoner, for federal habeas corpus relief is before the undersigned United States Magistrate Judge for review and a recommended disposition pursuant to 28 U.S.C. § 636(b).

## Background

On March 26, 1999, Petitioner was convicted following a jury trial of one count of first degree burglary and one count of stealing under $150.00. (Pet'n ¶¶ 2, 3.) He was sentenced as a prior and persistent offender to a twenty-five year term of imprisonment. (Resp. Ex. A at 2.) Petitioner appealed on the grounds that the evidence was insufficient to support his conviction. State v. Peebles, 7 S.W.3d 570 (Mo. Ct. App. 1999) (per curiam). His appeal was denied on November 30, 1999. Id.

On February 18, 2000, Petitioner filed a pro se post-conviction motion pursuant to Missouri Supreme Court Rule 29.15. (Response at [2].) This motion was denied, and the

denial was affirmed on appeal on November 20, 2001. Peebles v. State, 60 S.W.3d 43 (Mo. Ct. App. 2001). The appellate court's mandate issued on December 14, 2001. (Response at [2].)

On January 31, 2002, Petitioner filed a 28 U.S.C. § 2254 petition. Peebles v. Luebbers, No. 4:02cv0172 DJS (E. D. Mo.). On Petitioner's motion, this petition was dismissed without prejudice on September 5, 2002.

Two days earlier, on September 3, 2002, Petitioner's state court habeas corpus petition was provisionally filed. (Resp. Ex. B.) On October 15, it was denied. (Id.)

On January 14, 2003, Petitioner filed a state habeas petition with the Missouri Court of Appeals. Peebles v. Rowley, ED82337 (Mo. Ct. App.). It was denied three days later. (Id.)

On April 1, 2003, the pending § 2254 was mailed. The petition raises two grounds for relief: (1) the evidence was insufficient to support his conviction, and (2) his trial counsel was ineffective for failing to subpoena a witness who could have given exculpatory testimony. Attached to his petition is a March 1999 affidavit from that witness.

Respondent contends that the petition was mailed too late. He argues that the petition had to be filed on or before December 18, 2002, to be timely filed. Without challenging any of the dates cited by Respondent, Petitioner disagrees. In one of three traverses, Petitioner explains that he thought the dismissal of his first petition without prejudice meant that it could be refiled. In support of a second traverse, Petitioner attaches a copy of the docket

sheet in his direct criminal appeal. He filed a motion to recall the mandate in that appeal on August 30, 2002, eighteen months after the mandate was issued. (Traverse Ex. A.) The motion was denied on September 9.[1] (Id.) The order reads as follows:

> Appellant has filed a motion to recall the mandate of his direct appeal from his conviction and sentence for first degree burglary. Appellant complains about actions of his Post-Conviction relief appellate counsel. Complaints about Post-Conviction counsel may not be raised in a motion to recall the mandate of his direct appeal. Appellant's complaints are not cognizable in a motion to recall the mandate. Appellant's motion is denied.

(Id.) In his third traverse, Petitioner reiterates his earlier position that the dismissal of his first § 2254 petition without prejudice meant he could refile it as long as he was exhausting state remedies in the interim.

## Discussion

Petitions for § 2254 relief filed after the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") – April 24, 1996 – are governed by the Act. **Williams v. Taylor**, 529 U.S. 420, 429 (2000); **Owens v. Dormire**, 198 F.3d 679, 681 n.2 (8th Cir. 1999). Title 28 U.S.C. § 2244(d), as amended by the AEDPA, provides, in relevant part, as follows:

---

[1] Petitioner claims in his traverse that the motion was denied on January 17, 2003. The docket sheet he attached clearly indicates that it was denied on September 9, 2002. The docket sheet for his petition for a writ of habeas corpus clearly indicates that the petition, filed on January 14, 2003, was denied on January 17. This docket sheet is a public record. Petitioner's claim that his motion to recall the mandate was pending from August 30, 2002, until January 17, 2003, and, consequently, the statute of limitations was tolled during that period is disingenuous, at best.

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d)(1) governs when the one-year statue of limitations begins to run; § 2244(d)(2) governs the question of when it is tolled.

In the instant case, the statute of limitations would have begun to run ninety days after the conclusion of Petitioner's direct criminal appeal. "[W]here certiorari is not sought, [as in Petitioner's case,] the running of the statute of limitations for purposes of § 2244(d)(1)(A) 'is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.'" **Williams v. Bruton**, 299 F.3d 981, 982 (8th Cir.2002)) (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998) (first two alterations added).  The ninety days are the period during which a petition for certiorari may be filed in the Supreme Court.  **Id.** (citing Sup.Ct.R. 13.1).  This ninety-day period ended in Petitioner's case, at the earliest, on February 28, 2000.

- 4 -

Ten days before the deadline, Petitioner filed his Rule 29.15 motion for state post-conviction relief. "[U]nder 28 U.S.C. § 2244(d)(2) the limitation period is tolled while 'a properly filed application for State post-conviction review . . . is pending.'" **Id.** (first alteration added). Thus, the one-year statute of limitations did not begin to run on February 28. See **Id.**

"[A] pivotal question . . . therefore is how long [Petitioner's] 'application for . . . post-conviction . . . review [remained] pending.'" **Id.** (quoting § 2244(d)(2)) (all but first alteration in original). The trial court denied Petitioner's motion on November 20, 2001. Petitioner filed a timely appeal from this denial. "State [post-conviction relief] proceedings are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." **Maghee v. Ault**, 410 F.3d 473, 476 (8th Cir. 2005) (alterations added). Accord **Williams**, 299 F.3d at 983. The appellate court issued its mandate on December 14, 2001. "The appeal of a post-conviction relief motion remains pending until the appellate court issues its mandate." **Moore v. Prudden**, 2005 WL 3132714 at *9 (E.D. Mo. Nov. 21, 2005). The statute is not tolled, however, during the ninety-day period for petitioning the Supreme Court for certiorari. **Jihad v. Hvass**, 267 F.3d 803, 805 (8th Cir. 2001).

Thus, the statute of limitations began to run on December 15, 2001.

Petitioner filed a state petition for habeas corpus relief on September 3, 2002,[2] 261 days later.[3] This petition was denied on October 15, 2002. There is no appeal from the denial of a state petition for habeas corpus, see **Brown v. State**, 66 S.W.3d 721, 732 (Mo. 2002) (en banc); accordingly, the statute of limitations began to run again on October 15.

His instant § 2254 petition was mailed on April 1, 2003,[4] 166 days later. Petitioner had, however, only 104 days (365 minus 261) within which to file a timely § 2254 petition. The 104th day after October 15 was January 28, 2003. On January 14, 2003, Petitioner filed a state petition for habeas corpus with the Missouri Court of Appeals[5]; this petition was denied on January 17. Tolling the statute of limitations for the three days during which his

---

[2] Between the denial of his post-conviction appeal and the filing of his state petition for habeas corpus, Petitioner filed his first 28 U.S.C. § 2254 petition. As noted above, this petition was dismissed at his request. The pendency of a federal habeas petition does not toll the one-year statute of limitations. **Duncan v. Walker**, 533 U.S. 167, 181 (2001); **Akins v. Kenney**, 410 F.3d 451, 456 (8thCir. 2005); **Lee v. Norris**, 354 F.3d 846, 849 (8th Cir. 2004).

[3] Respondent considered the statute of limitations tolled during the period when this state petition for a writ of habeas corpus was pending. The undersigned will do so also for purposes of the instant case. But cf. **Gray v. Gammon**, 283 F.3d 917, 917 (8th Cir. 2002) (per curiam) (declining to reach question of whether state petition for habeas corpus qualifies for tolling under § 2244(d)(2)).

[4] "For purposes of § 2244(d)(1), a pro se prisoner's habeas petition 'is filed on the date it is delivered to prison authorities for mailing to the clerk of the court.'" **Ford v. Bowersox**, 178 F.3d 522, 523 (8th Cir. 1999) (quoting Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc). There is no indication of when Petitioner delivered his petition to the prison authorities. And, he did not date his signature either on the form petition or on the supplemental pages. The envelope was postmarked on April 1, 2003. Absent any indication in the record, or allegation, that the petition was delivered to prison authorities before this date, the undersigned will employ April 1 when calculating the tolling period.

[5] As noted above, Respondent does not argue that the pendency of a state petition for habeas corpus does not toll the statute of limitations.

petition was pending results in a deadline of February 1, 2003. Petitioner filed his petition 59 days too late.

In a traverse, Petitioner argues that the statue of limitations should be tolled for the period when his motion to recall the mandate was pending before the Missouri Court of Appeals. Regardless of whether Petitioner is correct, his argument is unavailing. Such tolling would add only four days to his deadline, i.e., the days between when his motion was filed on August 30, 2002, and when tolling began with the filing of his state court petition for habeas corpus on September 3, 2002. For his instant § 2254 petition to be timely, Petitioner needed a tolling period of 59 days.

"Because § 2244(d)(1) is a statute of limitations and not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances." **Cross-Bey v. Gammon**, 322 F.3d 1012, 1014-15 (8th Cir. 2003). "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." **Id.** at 1015 (alteration added). "The doctrine applies only 'when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay.'" **Shoemate v. Norris**, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002)). "Because the doctrine is reserved for extraordinary circumstances, it gives the plaintiff an 'exceedingly narrow window of relief.'" **Id.** (quoting Jihad, 267 F.3d at 805).

The petitioner in **Cross-Bey** argued that the Supreme Court's holding in Duncan that § 2244(d)'s one-year statute of limitations was not tolled while federal habeas petitions were pending should not be applied retroactively to his case. 322 F.3d at 1014. The Eighth Circuit Court of Appeals disagreed, but did reach the question whether the doctrine of equitable tolling should be applied. **Id.** at 1014-15. The court concluded that it should not, finding that the choice to pursue a federal habeas corpus petition with both exhausted and unexhausted claims was the petitioner's and was not, as required for equitable tolling, beyond his control. "'[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling [i]s not . . . warranted.'" **Id.** at 1015 (quoting Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)) (alterations added). Thus, "[a petitioner's] failure to recognize the importance of the one-year statute of limitations of § 2244(d)(1) or the legal effect of the voluntary dismissal [of his earlier § 2254 petition] was not an extraordinary circumstance beyond [the petitioner's] control that warrants equitable tolling." **Id.** at 1016 (alterations added).

After pursuing both a direct criminal appeal and a state post-conviction motion through appeal, Petitioner filed a § 2254 petition only to request eight months later that it be dismissed. Three days later, he filed his state court petition for habeas corpus relief. In Missouri, however, "a state habeas proceeding may not be used to raise a claim that was known to the petitioner at the time he filed his Rule 29.15 motion." **Sweet v. Delo**, 125 F.3d 1144, 1150 (8th Cir. 1997). The missing witness signed his exculpatory affidavit in March

1999.  Clearly, Petitioner knew of his ineffective assistance of counsel claim at the time he filed his Rule 29.15 motion.  His choice to request a voluntary dismissal of his first § 2254 petition might reflect a lack of legal knowledge or an unwise strategic choice, but it does not support equitable tolling.

## Conclusion

Petitioner filed the pending 28 U.S.C. § 2254 at least 56 days too late.  The circumstances behind him doing so are not such as to support the application of the doctrine of equitable tolling.  For the foregoing reasons, the undersigned finds the petition untimely under 28 U.S.C. § 2244(d).  Accordingly,

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Casey B. Peebles be **DENIED** without an evidentiary hearing.

The parties are advised that they have eleven (11) days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.  See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

    /s/ Thomas C. Mummert, III
    THOMAS C. MUMMERT, III
    UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of March, 2006.