**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CASEY B. PEEBLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:03CV491-DJS |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Now before the Court is the report and recommendation of the United States Magistrate Judge, recommending that petitioner Casey B. Peebles' petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 be denied as untimely filed. Petitioner has filed objections to the recommendation, to which respondent has responded and petitioner replied. As required by 28 U.S.C. §636(b), this Court gives *de novo* consideration to those issues as to which objection has been made.

At issue is the one-year period of limitation within which petitioner's §2254 petition must be filed, pursuant to 28 U.S.C. §2244(d). In summary, omitting the dates and occurrences not found to impact the limitation period, the magistrate judge calculates the running of the limitation period in petitioner's case as follows:

| | |
|---|---|
| Dec. 14, 2001 | Appellate mandate issues on petitioner's post-conviction motion |
| Dec. 15, 2001 | Limitation period begins to run |
| Sept. 3, 2002 | Limitation period tolled by filing of state habeas corpus petition; 261 days have run |
| Oct. 15, 2002 | Limitation period resumes running upon denial of state habeas |
| Jan. 14, 2003 | Limitation period tolled by filing of state habeas corpus petition; 90 additional days run for a total of 351 days |
| Jan. 17, 2003 | Limitation period resumes running upon denial of state habeas |
| April 1, 2003 | 73 additional days later, Petitioner files the instant §2254 petition untimely at 424 days (59 days over the limit of 365 days). |

In his objections, petitioner first argues that his post-conviction motion was not due until March 2, 2000, and suggests that this adds 12 days to the tolling of the limitation period. As of March 2, 2000, however, the limitation period is not being considered even to have begun to run, as the above outline shows.

Next petitioner offers contentions concerning the dates of mailing of his first federal §2254 petition and his motion to voluntarily dismiss that earlier petition, both of which occurred in 2002. These dates are irrelevant to the computation, however, because, as the magistrate judge correctly observes, the pendency of a federal habeas corpus petition does not toll the limitation period. Duncan v. Walker, 533 U.S. 167, 181 (2001).

Petitioner next contends that 30 additional days were tolled in connection with or after the denial of his state habeas

corpus petition. Objection [Doc. #26], p.2, ¶4. The argument, citing Mo.S.Ct.R. 91.02 and agreeing that there is no appeal from the denial of a state habeas petition, is unclear and unpersuasive. In any event, 30 additional days' tolling would be insufficient to render the instant petition timely.

Next petitioner asserts that he posted this §2254 petition in the prison mailbox on March 17, 2003, two weeks earlier than the April 1 date he is credited with in the Court's calculations. Objection [Doc. #26], pp.2-3, ¶5. Petitioner's assertion is not sworn and is not supported by any evidence. The magistrate judge notes that the record contains no indication when petitioner delivered his petition to the prison authorities, that petitioner's signature on the petition and supplemental pages is not dated, and that the envelope received by the Court is postmarked April 1, 2003. On this record, the Court finds April 1 to be appropriately used as the date of filing. In any event, an additional 14 days' tolling would be insufficient to render the petition timely filed.

In his objections petitioner sets forth his own list of assertedly critical dates, only one entry in which raises an issue not previously discussed. Petitioner claims that the pendency of his state appellate motion to recall the mandate from August 30, 2002 to September 9, 2002 tolled the §2244 limitation period. The magistrate judge correctly notes that such tolling would add only four days to the computation, as the period is in any event tolled

as of the September 3 filing of a state habeas petition. Report and Recommendation [Doc. #21], p.7. Again petitioner's objection even if sustained would not result in a determination that the instant petition is timely filed.

Accordingly, finding petitioner's objections to the magistrate judge's analysis to be without merit, the Court will overrule the objections, adopt the magistrate judge's recommendation, and deny the petition as untimely filed.

**IT IS HEREBY ORDERED** that petitioner's objections [Doc. #26 and #31] to the magistrate judge's report and recommendation are overruled, and the magistrate judge's report and recommendation [Doc. #21] is accepted and adopted.

**IT IS FURTHER ORDERED** that petitioner's unopposed motion to change respondents [Doc. #30] is granted, and respondent Troy Steele is hereby substituted as party-respondent in place of Larry Rowley.

Dated this __9th__ day of August, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE